1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDER RUSSELL

     Plaintiff(s),

          v.

BMW OF NORTH AMERICA, LLC, et al.

     Defendant(s).

Case No.  2:22−cv−03299−SB−MAR

**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE STANLEY BLUMENFELD, JR.**

**[updated 1-10-22]**

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES. FAILURE TO COMPLY MAY RESULT IN SANCTIONS.**

     Counsel for the plaintiff must immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the defendant that removed the case must serve this Order on all other parties. A hyperlinked table of contents appears below.

///
///
///
///

1

## TABLE OF CONTENTS

1. **Counsel**

2. **Communications with Chambers**

3. **Pleadings**

4. **Discovery**

5. **Filing Requirements**

6. **General Motion Requirements**

7. **Specific Motion Requirements**

8. **Hearings**

9. **Ex Parte Applications**

10. **Continuances**

11. **Class Actions**

12. **ERISA Cases (Benefit Claims)**

13. **Bankruptcy Appeals**

14. **Consent to Magistrate Judge**

15. **Sanctions for Failing to Comply**

1. **COUNSEL**.

   a. **Civility**. All counsel must immediately review and comply with the Civility and Professionalism Guidelines on the Court's website under Attorney Information. Failure to do so may result in sanctions.

   b. **Presence of Lead Counsel**. Only one attorney for a party may be designated as lead trial counsel. Lead trial counsel must attend all proceedings set by this Court and be prepared to address and resolve all matters within the scope of the proceeding. For proceedings not set by the Court, lead counsel are encouraged to permit junior lawyers to fully participate in court proceedings, including to argue motions and to examine witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least 7 days before a scheduled hearing stating that a junior lawyer with no more than five years of experience will conduct the argument. Only one counsel may be designated to argue motions absent Court approval.

   c. **Self-Represented Parties (a.k.a. "Pro Per" Litigants)**. Parties

appearing in propria persona (pro per litigants) are required to comply with all local rules, including Local Rule 16 ("Pretrial Conferences; Scheduling; Management"). In this Order, the term "counsel" includes pro per litigants. Only individuals may represent themselves. A corporation or other entity must be represented by counsel; and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed or a defendant entity will default. See Local Rule 83-2.3.4.

**d**.   **Duty to Notify of Settlement**. Counsel must advise the Court immediately if the case or any pending matter has been resolved. Failure to provide timely notice of settlement may result in sanctions.

**e**.   "**Notice of Unavailability**." While the Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when counsel are unavailable, a "Notice of Unavailability" has no legal effect and should not be filed.

**2**.   **COMMUNICATIONS WITH CHAMBERS**.

Counsel shall not initiate contact with the Court or its Chambers staff by telephone or by any other improper ex parte means. Counsel may contact the courtroom deputy clerk (CRD) with appropriate inquiries. Contacting the CRD to inquire about the status of a ruling or to continue a proceeding or take it off calendar is not appropriate. The preferred method of communication with the CRD is by email. *Counsel must copy all parties on any such email*. To facilitate communication with the CRD, counsel should list their email addresses along with their telephone numbers on all papers.

**3**.   **PLEADINGS**.

**a**.   **Service of the Complaint**. The plaintiff(s) shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of

service pursuant to Fed. R. Civ. P. 4(l). Any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

**b**.   **Removed Actions**. Any answer filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motion in state court before the case was removed must be re-noticed in accordance with Local Rule 7. If a removed action contains a "form pleading" (i.e., a check-the-box pleading), the party (or parties) that filed the form pleading must file with this Court within 30 days of the filing of the notice of removal a pleading that complies with the federal rules. See Fed. R. Civ. P. 7, 7.1, 8, 9, 10, and 11. An amended complaint filed within 30 days after removal to replace a form complaint pursuant to this instruction shall be deemed an amended complaint with "the court's leave" pursuant to Rule 15(a)(2).

**c**.   **Status of Fictitiously Named Defendants**.

   i.   Plaintiff must identify and serve any fictitiously named defendant(s) before the date of the mandatory scheduling conference (MSC) held pursuant to Fed. R. Civ. P. 16(b).

   ii.   All Doe defendants remaining 60 days after the MSC (or on the date set forth in the scheduling order, if applicable) are dismissed by operation of this Order without further notice ***unless*** plaintiff requests and justifies the need for additional time in the joint report for the MSC and the Court grants an extension.

   iii.   Before moving to substitute a defendant for a Doe defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, plaintiff must file a regularly noticed motion. In diversity cases, plaintiff's motion must address whether the addition of the

4

newly named party destroys diversity jurisdiction.

*See* 28 U.S.C. § 1447(c), (e).

**4.   DISCOVERY**.

    **a.**    **Magistrate Judge Referral**. All discovery matters are referred to the assigned magistrate judge. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not deliver Chambers copies of these documents to Judge Blumenfeld. The decision of the Magistrate Judge shall be final, subject to limited review requiring a showing that the decision is clearly erroneous or contrary to law. Any party may file and serve a motion for review within 14 days of either (i) service of a written ruling or (ii) an oral ruling that expressly will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

    **b.**    **Discovery Protective Orders**. Proposed protective orders for discovery must be submitted to the assigned Magistrate Judge. Such orders should not purport to allow, without further order of Judge Blumenfeld, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial before Judge Blumenfeld. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

**5.   FILING REQUIREMENTS**.

    **a.**    **Text Searchability**. All documents–including pleadings, motions, and exhibits–submitted to the Court must be text searchable (i.e., "OCR'd").

    **b.**    **Documents with Declarations, Exhibits, and Other Attachments**. Except for filings in support of motions for summary judgment (*see* MSJ

Standing Order), if a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

**c.**   **Proposed Orders**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

   i.   <u>Templates</u>. Use the "Proposed Order" or the "CMO Continuance Order" template–whichever is applicable–located on the <u>Court's website</u> under "Orders & Additional Documents" at the bottom of the webpage. Failure to do so may result in the striking of the request. Proposed orders should not contain: (1) attorney names, addresses, etc. on the caption page; (2) a footer with the document name or other information; or (3) a watermark or designation of the firm name. Proposed orders should be formatted in the same fashion as motions. *See infra* paragraph 6(c).

   ii.   <u>Email</u>. The Court enforces strict compliance of Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged in accordance with L.R. 5-4.4.1. . ., a Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, shall be e-mailed to the assigned judge's generic chambers e-mail address using the CM/ECF System." The Court will not consider a stipulation, ex parte application, or other request for relief until a compliant

proposed order is received by email. Failure to timely comply will result in the Court striking the filing.

**d**.   **Chambers Copies**. Chambers Copies (paper copies that are sent to Chambers upon electronic filing of the document) are required for the following documents only: (1) initial pleadings (notices of removal and related documents, complaints, counterclaims, cross claims, and answers); (2) Joint Rule 26(f) Reports; (3) motion papers (motions, oppositions, replies, and related documents), including motions in limine; (4) ex parte applications for temporary restraining orders; and (5) pretrial documents (memoranda of fact and law, witness and exhibit lists, pretrial conference statement, jury instructions, verdict forms, etc.). Chambers Copies must comply with the rules below.

i.   <u>Timeliness and location</u>. Deliver Chambers Copies promptly to Judge Blumenfeld's mailbox outside the Clerk's Office on the 4th Floor of the First Street Courthouse. Applicable documents will not be considered until Chambers Copies are submitted. Delay in submitting such copies will delay consideration of the submission.

ii.   <u>Exhibits</u>. Separate all exhibits by a tab divider on the right or bottom of the document. If the evidence exceeds 50 pages, the Chambers Copy must: (1) include a table of contents; and (2) be in a tabbed binder with each exhibit separated by a tab divider on the right or the bottom. All documents in the binder must be three-hole punched. If the evidence exceeds 200 pages, the table of contents and evidence must be placed in a Slant D-Ring binder. Binders should be no larger than 4 inches. Binders must have both a cover sheet and a spine label that includes the case name, case both number, and a description of the contents.

6. **<u>GENERAL MOTION REQUIREMENTS</u>**.

a. **"Meet and Confer" Requirement**. Local Rule 7-3 requires counsel to conduct a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."

    i. <u>Scope</u>. This requirement applies in all cases, including those with pro per litigants, and extends to all issues. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issue(s). Parties must meet and confer either by videoconference, or in person. Email correspondence is insufficient; and motions not supported by a statement that counsel met by videoconference, or in person will be summarily denied.

    ii. <u>Compliance</u>. The moving party ***must*** include in the signed notice of motion a truthful representation of full compliance with Local Rule 7-3, ***stating that the parties "thoroughly discussed the substance and potential resolution of the filed motion [by videoconference or in person]***."

    iii. <u>Sanctions</u>. If an opposing party refuses to participate in good faith, the moving party shall explain the refusal in detail. Failure by any party to comply in good faith with the "meet and confer" requirement shall result in an order to show cause re: sanctions– including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

b. **Time for Filing and Hearing Motions**. This Court hears civil motions on Fridays at 8:30 a.m. If Friday is a court holiday, select another Friday. The Court often closes hearing dates at least four weeks in advance depending on the volume of motions scheduled. Closed motion dates are noted on the Court's website. If a motion is filed with a motion hearing date that is unavailable, the Court will strike the filing

or issue a minute order continuing the date. ***A party that waits too long and files a motion to be heard on a date that turns out to be unavailable risks having the motion stricken and not heard***. Opposition papers due on a Friday holiday may be filed the following Monday and the reply papers may be filed on the next Monday. The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two weeks between the filing of the reply and allows for a hearing within the motion cutoff. If the parties resolve the issue(s), or if a party withdraws or does not oppose a motion, the Court must be notified immediately to avoid unnecessary judicial work. Failure to oppose a motion will likely result in the motion being granted after the opposition would have been due.

c.   **Length and Format of Motion Papers**. Unless expressly stated otherwise, memoranda of points and authorities in support of or in opposition to motions must not exceed 25 pages. Replies must not exceed 15 pages. Only in rare instances will the Court find good cause to grant an application to extend these page limitations. Any memorandum that exceeds the page limit may be stricken.

Typeface and spacing shall comply with Local Rule 11-3.1.1, except that the parties are required to use only 14-point Times New Roman font. Footnotes shall be in the same font and the same size as the body of the memorandum.

d.   **Footnotes**. A party is limited to the use of one footnote for every three pages (rounded down) in any brief or other filing. For example, a 25-page memorandum is limited to eight (8) footnotes, and a 15-page memorandum is limited to five (5) footnotes. Use 12-point spacing between footnotes. Citations that support a statement in the main text must be included in the main text, not in footnotes. A filing that violates

1   this order may be stricken and not heard.

2   **e.   Citations to Authority**. The parties should comply with Bluebook

3   formatting and the citation requirements below. *Any argument or*

4   *statement of law not supported by appropriate legal citation may be*

5   *deemed waived to the extent allowed by law*.

6   i.   <u>Pin Cites</u>. Case citations must identify both the case cited *and* the

7   ii.   <u>String Cites</u>. Parties should not use string cites without a good

8   reason. When using string cites, a party should include a

9   parenthetical explanation for each cited case.

10   iii.   <u>Legal Databases</u>. When citing to legal databases (which is not

11   encouraged), cite to Westlaw whenever possible.

12   iv.   <u>U.S. Statutes</u>. Statutory references should identify with specificity

13   the sections and subsections referenced. Citations should be to the

14   relevant official statutory code (e.g., the U.S. Code) and should not

15   merely reference the popular name of an act.

16   v.   <u>Treatises, Manuals, and the Like</u>. Citations to treatises, manuals,

17   and other materials should include the volume, section, and

18   relevant pages. Attach copies if these materials are not accessible

19   on Westlaw, especially for historical materials (e.g., older

20   legislative history).

21   **7.   <u>SPECIFIC MOTION REQUIREMENTS</u>**.

22   **a.   Motions Pursuant to Rule 12**. Most motions to dismiss or strike,

23   especially motions raising alleged defects in a complaint, answer, or

24   counterclaim that could be corrected by amendment, can be avoided if

25   the parties confer in good faith as required by Local Rule 7-3. In general,

26   the Court will provide leave to amend upon granting a motion to dismiss

27   unless it is clear the complaint is not correctible. *See Chang v. Chen,* 80

28   F.3d 1293, 1296 (9th Cir. 1996); *see also Rosenberg Bros. & Co. v.*

*Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (requiring "extreme liberality" in favor of amendments). If the Ninth Circuit's long-standing "extreme liberality" standard applies to a meritoriously filed motion, the Court may summarily grant the motion with leave to amend. A good-faith "meet and confer" may avoid this costly and inefficient process. If the Court grants a motion to dismiss with leave to amend, the plaintiff must file an amended complaint within the time period specified by the Court. Failure to timely file an amended complaint will result in dismissal of the action or the relevant claim(s) with prejudice.

b    **Motions to Amend Pleadings**. A motion to amend the pleadings must state: (a the effect of the amendment and (b) the page, line numbers, and wording of any proposed change or addition of material. A "redlined" version of the proposed amended pleading must be delivered to Chambers (in paper form) and to Chambers email (in electronic form using Word), indicating all additions and deletions to the prior version of the pleading. This "redlined" version also must be delivered to opposing counsel at least two hours in advance of the Local Rule 7-3 conference; and if the plaintiff later changes the delivered version, counsel will be required to meet again about the revised pleading. In addition to the requirements of the Local Rules, all amended pleadings must be serially numbered to differentiate each amendment (i.e., "First Amended Complaint," "Second Amended Complaint").

c.    **Motions for Summary Judgment**. Please refer to Judge Blumenfeld's Standing Order re Motions for Summary Judgment found at https://www.cacd.uscourts.gov/honorable–stanley–blumenfeld–jr.

d.    **PLRA Exhaustion Motion**. The issue of exhaustion under the Prison Litigation Reform Act (PLRA) must be raised at the beginning of the litigation. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). A party

seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on the exhaustion issue must file before this Court a request for a hearing *within 14 days of the filing of the order denying summary judgment*. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

8. **HEARINGS.**

   a. **Remote Appearances**. Remote appearances are not permitted absent good cause shown in a declaration concurrently filed with the moving papers or the opposition.

   b. **Submission without Argument**. The Court may take a motion off calendar if it concludes the decision will not benefit from oral argument.

   c. **Time**. If oral argument is permitted, the parties will have a total of 20 minutes, divided equally between the sides, unless the Court states otherwise. If the Court believes that the matter warrants less or more time, it will advise counsel at the hearing.

   d. **Tentatives**. The Court often issues tentative rulings before hearings. If so, they are typically available (i) on the Court's website on the afternoon before the hearing or (ii) in the courtroom 30 minutes before the hearing.

   e. **Oral Argument**. The Court expects the parties to clearly articulate their respective positions in the papers and not simply repeat them at the hearing. If a tentative has issued, the parties should be prepared to explain why the analysis is correct or incorrect. Also, the Court often tests its reasoning by asking questions and expects counsel to respond directly and candidly.

   f. **Settlement**. Counsel *must* notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions

that may render the motion moot and *must* notify the Court immediately if a settlement is reached. A belated notice of settlement wastes scarce judicial resources, and the offending parties shall be subject to sanctions. In addition, the failure to provide timely notice may result in the release of the ruling that was prepared.

**9**.   **EX PARTE APPLICATIONS**.

A party seeking ex parte relief, including a temporary restraining order, must comply with Local Rule 7-19. The applicant must notify the other party (or parties) that opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after the service, whichever is later. The opposing party should advise the CRD as soon as possible whether it intends to oppose the ex parte application. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. The application will not be considered until a Chambers Copy has been provided. Parties should not assume that an unopposed ex parte application will be granted, and a last-minute application or stipulation that is denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline). Sanctions may be imposed for misuse of ex parte applications.

**10**.   **CONTINUANCES**.

The Court grants continuances of pretrial and trial deadlines only on a timely showing of good cause. The Court applies the same standard of good cause to all extension requests–whether opposed or jointly requested.

    **a**.   **Good cause**. Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (1) all relevant work previously done (including when each item was completed), (2) all relevant work that remains to be done, (3) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (4) why the amount of time

requested is needed to complete the remaining work.

b. **Diligence**. The Case Management Order (CMO) that the parties will receive following the Mandatory Scheduling Conference (MSC) contains an attachment with information that must be submitted in table form in showing diligence. Diligence generally will *not* be found when a party opts for strategic staging of discovery (or other tasks) that prevent completion within the existing deadline. Moreover, a desire to engage in settlement discussions does not constitute good cause to extend existing deadlines. The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the MSC.

c. **Denied with Prejudice**. Denial of an extension request, including summary denial, is *with prejudice*. The parties should therefore present all available information showing that the outstanding discovery or other litigation tasks cannot be completed within the existing deadlines despite all reasonable diligence from the outset of the case. A party is *not* permitted to resubmit a denied extension request with information that was either previously submitted or previously available.

d. **Proposed Order**. The parties must complete and submit the CMO Continuance Order template on the Court's website under "Orders & Additional Documents" at the bottom of the webpage. Please follow the highlighted directions at the end of the document. File the Proposed Order and submit an electronic Word copy to Judge Blumenfeld's Chambers email. Failure to use and properly submit the CMO Continuance Order Template will result in the striking or summary denial of the request.

*Failure to comply with the procedural requirements* above–including the use and proper submission of the table in the MSC Attachment and the CMO

Continuance Order Template may result in the extension request being stricken or summarily denied. ***An improper resubmission of a denied extension request*** may result in sanctions.

**11**.   **CLASS ACTIONS**.

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed no later than 120 days from the date initially set for the scheduling conference, without regard to any continuances, unless the Court orders otherwise.

**12**.   **ERISA CASES (BENEFIT CLAIMS)**.

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co*., 175 F.3d 1084, 1093-95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded.

The parties may receive a mandatory scheduling conference order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a joint status report identifying any issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

///

**13**.   **BANKRUPTCY APPEALS**.

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the district court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

**14**.   **CONSENT TO MAGISTRATE JUDGE**.

The parties may consent to have a Magistrate Judge preside over the entire case, including trial. The parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to this case. Please consult the Central District website for the list of available Magistrate Judges and submit the consent form.

**15**.   **SANCTIONS FOR FAILURE TO COMPLY**.

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with judicial orders or rules, the Court shall take any action it deems appropriate, including: (i) dismissal of the case for failure to prosecute, if the failure occurs on the part of the plaintiff; (ii) striking the answer resulting in default if such failure occurs on the part of the defendant; and/or (iii) imposing monetary sanctions against the offending party and counsel.

IT IS SO ORDERED.

Dated:  May 16, 2022

_____
          Stanley Blumenfeld, Jr.
          United States District Court Judge

16